## McCALMONT v. LANNING.

(Circuit Court of Appeals, Third Circuit. April 19, 1907.)

No. 9.

BANKS AND BANKING—DISCOUNT OF FRAUDULENT PAPER—KNOWLEDGE OF OFFICER.

A bank is not chargeable with notice of fraud in the inception of a note which it discounted merely because its president had knowledge of the facts, which was gained by him in his capacity as an officer of another corporation, where he had nothing to do with the discounting of the note, and had no knowledge of it at the time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, §§ 285, 286.]

In Error to the Circuit Court of the United States for the District of New Jersey.

E. R. Walker, for plaintiff in error.

John S. Applegate, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and LANNING, District Judge.

BUFFINGTON, Circuit Judge. In this case John E. Lanning, receiver of the Monmouth Trust & Safe Deposit Company, brought suit against Robert McCalmont on a negotiable promissory note for $5,-000, dated January 28, 1903, payable to his own order in four months, and by him indorsed. The court below gave binding instructions for plaintiff, which action is here assigned for error.

After examining the proofs, we are of opinion there was, under the proofs, no question to submit to the jury. Assuming, for present purposes, that fraud was practiced on the defendant in securing from him the note for the stock of the Fraser Mountain Copper Company, and that Twining, the president of that company, had knowledge of that fact, still the mere fact that such officer was also president of the plaintiff company does not visit the latter with notice. There is nothing in the record tending to show that the trust company did not discount the note in good faith before maturity, or that Twining had anything to do with, or indeed knew of, its discount. Now in Willard v. Denise, 50 N. J. Eq. 482, 26 Atl. 29, 35 Am. St. Rep. 788, it is held that to visit a bank with knowledge of its officer, gained in another relation, two things are necessary: First, possession by the agent of pertinent information; and, second, such agent's participation in the discount

or purchase on behalf of the corporation. In view of that case and of First National Bank v. Christopher, 40 N. J. Law, 439, 29 Am. Rep. 262, and Barnes v. Trenton Gaslight Co., 27 N. J. Eq. 33, we hold the trust company was not visited with the knowledge of its president, Twining, and was, therefore, an innocent purchaser.

The remaining question relates to a dispute as to whether the trust company paid a certain check of the Fraser Mountain Copper Company, and charged that company with such payment. The plaintiff in error contends there was evidence tending to show that the sum of $6,-678.81 (being the amount for which the check is alleged to have been given) was, after February, 1905, fraudulently entered as a debit item in the account of the Fraser Mountain Copper Company, and that the trial court erred in not submitting that evidence to the jury on the question of alleged fraud. Now such question of fraud rests wholly on the testimony of Percival Kroehl, who says he examined the ledger account of the Fraser Mountain Copper Company in February, 1905; that the foregoing item of $6,678.81 was not in it at that time, and that he then made a copy of the account which shows that fact. An examination of the proofs shows to a demonstration that he overlooked that item in making his copy. Without going into a full analysis, it suffices to say that Kroehl's copy shows a credit balance of $184.02 when he made it. Now that balance cannot be obtained from the items in his copy unless the item of $6,678.81 is placed in the debit column. When to this is added the uncontradicted testimony of the accountant of the banking department of the state of New Jersey that he examined the books in February, 1903, and not only then found the item in the account, but that he found it also in a check list kept by the trust company, it conclusively appears that the item had been paid on the check above mentioned. There being no evidence upon which the court could have sustained a verdict in favor of the defendant, a direction to find in favor of the plaintiff was not error. Randall v. Baltimore & Ohio R. R. Co., 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003.

The judgment is affirmed.